# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISON

UNITED STATES
WESTERN BANKRUPTCY COURT
RECEIVED
JUL 24 2018
KATHLEEN A. FORD
CLERK OF COURT
WESTERN DISTRICT OF TENN.

|  |  |
|---|---|
| In Re:<br><br>PHAMY XAYPANYA<br><br>Debtor. | CASE NO. 18–22662-DSK<br><br>CHAPTER 7<br><br>JUDGE: HON. DAVID S. KENNEDY |
| REM TECHNOLOGY CONSULTING SERVICES, INC., PROACTIVE SECURITY CORPORATION, REM CAPITAL, LLC, ANNI DRIVE, INC., SDSA, INC., ANNI ENDPOINT, INC., and RICHARD MALINOWSKI<br><br>Plaintiffs,<br><br>v.<br><br>PHAMY TRACX XAYPANYA, RUNE FEHU, INC., GREGORY NAIL, ANNABEL WEYAND, ELIZABETH WEYAND, JOSH SUMMIT, MOHAMMED SALIM, LUKASZ GREMZA, MATEUSZ RADON, ABE CHOI, BRIAN MOSS, COLTON CHAMBERS, RICHARD MAUNEY, HACKPROOF LABS, INC., PAT POSTS 1-10 and XYS CORPORATION 1-10, names being fictitious or unknown,<br><br><br>Defendants, | (REMOVING ACTION)<br>SUPERIOR COURT OF NEW JERSEY,<br>MONMOUTH COUNTY LAW DIVISION<br><br>CASE ID NO. MON-L-730-16<br><br>**18 00177**<br>ADV. PRO. NO. _____<br><br>**JURY DEMAND** |
| PHAMY XAYPANYA<br><br>Third Party Plaintiff,<br><br>v.<br><br>THOMAS M. KELLY III, JOHN MUHALL, MICHEAL H. ANSELL, ESQ.<br>Third Party Defendants. | |

# NOTICE OF REMOVAL

# TABLE OF CONTENTS

BACKGROUND ON NOTICE OF REMOVING FILING ------------------------------------- 5 -

BACKGROUND ON REMOVING DEFENDANTS------------------------------------------- 5 -

BACKGROUND ON REMOVING CASE NO. MON–L–730–1 --------------------------- 9 -

BACKGROUND ON BANKRUPTCY CASE----------------------------------------------------- 20 -

REMOVAL UNDER 28 U.S.C. § 1452 ------------------------------------------------------- 23 -

REMOVAL UNDER 28 U.S.C. § 1446 ------------------------------------------------------- 25 -

ALL REQUIREMENTS FOR REMOVAL HAVE BEEN MET AND REMOVAL TO THIS

COURT IS PROPER -------------------------------------------------------------------------------- 28 -

ADOPTION AND RESERVATION OF DEFENSES---------------------------------------- 31 -

INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL---------------------- 34 -

To:                    Clerk of District Court
                       United States Bankruptcy Court for
                       the Western District of Tennessee
                       200 Jefferson Ave. Suite 410
                       Memphis, Tennessee 38103

On Notice To:          Clerk, Civil Division
                       Superior Court of New Jersey
                       Monmouth County Courthouse
                       71 Monument Park
                       Freehold, New Jersey 07728

CC:                    Joshua S. Bauchner, Esq.
(Regular Mail)         Michael H. Ansell, Esq.
                       Ansell Grimm & Aaron, P.C.
                       365 Rifle Camp Road
                       Woodland Park, NJ 07424

Dated: July 24, 2018            by:

                                   Phamy Xaypanya
                                   7141 Chena Bay LN
                                   Cordova, TN 38018
                                   Phone: 901-651-0413
                                   Email: TTracx@icloud.com
                                   *Removing Defendant, Third-Party*
                                   *Plaintiff, and Debtor in Pro Se, and filing*
                                   *on behalf as Pro Se for Lynda F. Teems,*
                                   *Chapter 7 Trustee for Debtor*

Revision 1
7/24/18

- 1 -

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISON

UNITED STATES BANKRUPTCY COURT
WESTERN DIVISION
RECEIVED
JUL 24 2018
KATHLEEN A. FORD
CLERK OF COURT
WESTERN DISTRICT OF TENN.

| | |
|---|---|
| In Re:<br><br>PHAMY XAYPANYA<br><br>Debtor. | Case No. 18–22662-dsk<br><br>Chapter 7<br><br>Judge: Hon. David S. Kennedy |
| REM TECHNOLOGY CONSULTING SERVICES, INC., PROACTIVE SECURITY CORPORATION, REM CAPITAL, LLC, ANNI DRIVE, INC., SDSA, INC., ANNI ENDPOINT, INC., and RICHARD MALINOWSKI<br><br>Plaintiffs,<br><br>v.<br><br>PHAMY TRACX XAYPANYA, RUNE FEHU, INC., GREGORY NAIL, ANNABEL WEYAND, ELIZABETH WEYAND, JOSH SUMMIT, MOHAMMED SALIM, LUKASZ GREMZA, MATEUSZ RADON, ABE CHOI, BRIAN MOSS, COLTON CHAMBERS, RICHARD MAUNEY, HACKPROOF LABS, INC., PAT POSTS 1-10 and XYS CORPORATION 1-10, names being fictitious or unknown,<br><br>Defendants, | **(Removing Action)**<br>Superior Court of New Jersey,<br>Monmouth County Law Division<br><br>Case ID No. MON–L–730–16<br><br><br>ADV. PRO. NO. _____<br><br>**JURY DEMAND** |
| PHAMY XAYPANYA<br><br>Third Party Plaintiff,<br><br>v.<br><br>THOMAS M. KELLY III, JOHN MUHALL, MICHEAL H. ANSELL, ESQ.<br>Third Party Defendants. | |

# NOTICE OF REMOVAL

To:                          Clerk of District Court
                             United States Bankruptcy Court for
                             the Western District of Tennessee
                             200 Jefferson Ave. Suite 410
                             Memphis, Tennessee 38103

On Notice To:                Clerk, Civil Division
                             Superior Court of New Jersey
                             Monmouth County Courthouse
                             71 Monument Park
                             Freehold, New Jersey 07728


CC:                          Joshua S. Bauchner, Esq.
(Regular Mail)               Michael H. Ansell, Esq.
                             Ansell Grimm & Aaron, P.C.
                             365 Rifle Camp Road
                             Woodland Park, NJ 07424


**PLEASE TAKE NOTICE** that on Tuesday, July 24, 2018, Lynda F. Teems, the

Chapter 7 Trustee (the "Trustee") for Phamy Xaypanya (the "Debtor") and Removing

Defendant and Third-Party Plaintiff, Phamy Xaypanya in Pro Se (collectively, the

"Removing Defendants"), now file this Second Amended Notice of Removal ("the

Correct Notice of Removal") pursuant to 28 U.S.C. §§ 1446, 1452, and Fed. R.

Bankr. P. 9027 removing Case ID No. MON–L–730–16 captioned *REM Technology*

*Consulting Services, Inc., and Malinowski, et al. v. Xaypanya, et al.,* (the "New Jersey

Monmouth County Action"), currently pending in the Superior Court Of New Jersey

Monmouth County Law Division (the "New Jersey Monmouth County Court") to the

United States Bankruptcy Court Western District of Tennessee. The grounds for this

notice of removal and in support are as follows[1]:

---

[1] Citations are to Removing Plaintiffs' Complaint by Paragraph ¶ number; Removing Civil Proceeding by Exhibit Number, Page and Paragraph ¶ number (Exhibit 2 Proceeding P ___, ¶ ___); Other Exhibits by number. Where appropriate, citations are also to the index filed concurrently herewith as Index of Exhibits and corresponding page number of Exhibit.

## **BACKGROUND ON NOTICE OF REMOVING FILING**

1. By way of background, this is the Removing Defendant Xaypanya's ("Xaypanya")
   *Second Amended Notice of Removal*. The first attempt and filing of same to this
   Court, the United States Bankruptcy Court Western District of Tennessee ("the
   Correct District Court for Notice of Removal").

2. Embarrassingly, the Removing Defendant Xaypanya in Pro Se filed the (1)
   original Notice of Removal on July 19, 2018, with the United States Bankruptcy
   Court for the District of New Jersey; then filed (2) an Amended Notice of
   Removal[2] with the addition of a 'Motion to Transfer Venue' to this Court, with
   same.

3. Removing Defendant Xaypanya, humbly requests this Court's forgiveness for the
   oversight. The appropriate steps have been taken to address the incorrect filings,
   along with sending the updated 'Notice of Removal' to the Removing Court,
   Superior Court Of New Jersey in Monmouth County, as well copies of same to
   Counsels on file, as set forth within the Certification of Service.

## **BACKGROUND ON REMOVING DEFENDANTS**

4. By way of background, this matter stems from Plaintiffs' Richard E. Malinowski
   and REMTCS, INC. (a) alleging Removing Defendant Xaypanya and others as
   being an employee of the Plaintiffs, (b) allegedly committing theft of property
   and confidential information of Plaintiffs, (c) allegations were all in collaboration

---

[2] First Amended Notice of Removal filed on July 23, 2018.

with the Plaintiffs' malicious attempts to absorb the Removing Defendant's U.S. Patents within Artificial Intelligence and the resale of technology developments without Defendant's involvement; continuing, (d) Plaintiffs' allegations and cited actions were malicious actions in association to simply "null and void" the Joint Venture Agreement3 (Exhibit 67) signed between, Removing Defendant Xaypanya and Plaintiffs on May 27, 2011, that governs the creation4 of the joint venture company, Proactive Security Corp5 (the business entity that would be the operating end of the joint venture and technologies developed among partners).

5. Continuing, by way of background, on or about January 5, 2016, Plaintiffs' Richard E. Malinowski and REMTCS, Inc. (a) informed Removing Defendant Xaypanya via cellular phone—he would be pushed out of the Joint Venture relationship, signed between REMTCS, Inc. and Xaypanya's company, HackProof Labs, INC. on May 27, 2011, effective immediately. (b) Then proceeded to seized digital assets such as online domain accounts, personal email accounts6, and (c) started filing false police reports7, done in collaboration to the removing civil

---

[3] Joint Venture Agreement (hereinafter as "JVA"), copy of appended as Exhibit 67.
[4] Email when founders stock was issued by JVA General Counsel William Yap, appended as Exhibit 68.
[5] JVA Stock Certificates Showing Joint Ownership, appended as Exhibit 69.
[6] *See* Exhibit 71, Defendant's Shelby County Civil Case ID No. 1783209 to retrieve stolen assets.
[7] *See* Exhibit 73, Copy of Plaintiffs 1st False Police Filing / Middletown NJ Police Dept.; Also *See* Exhibit 74, Copy of Plaintiffs 2nd False Police Filing / Transcript of Memphis TN Shelby County Sheriff Dept. Incident Number 130111004606, & Exhibit 75, 1st Defendants Attorney Charlie Sciarra Letter to Plaintiffs' Counsel, Michael H. Ansell Requesting His Removal as Counsel due to knowledge of business relationship and filing of false police reports.

started filing false police reports6, done in collaboration to the removing civil action, Case ID No. MON–L–730–16 captioned REM Technology Consulting Services, Inc., and Malinowski, et al. v. Xaypanya, et al.

7. Further, by way of background, on or about January 7, 2016, Plaintiff Richard E. Malinowski started to collect property and assets from Defendant Xaypanya and his development team by using fraudulent claims and false statements, like an ambiguous and voided—professional services agreement, dated from January 20, 2011 (hereinafter, "Alleged Employment Agreement" or "Jan. 20, 2011 Agreement")—originally designed to be used as the subcontractor agreement between REMTCS, INC. and HackProof Labs, INC. for a Cybersecurity Forensic subcontractor engagement with Human Genome Sciences INC. (hereinafter as "HGSI") based in Rockville, Maryland. A copy of the "Jan. 20, 2011 Agreement" copy of appended as Exhibit 70.

8. Moreover, by way of background, on or about January 19, 2016, Removing Defendant Xaypanya's legal counsel in Memphis, Tennessee (during the early months of 2016), Jeff J. Lee (a) filed a civil case and issued a Subpoena to digital assets providers (Exhibit 71 P 4) within the Shelby County, Tennessee Civil Court System[7] to recover stolen assets by Plaintiffs (Exhibit 71 P 3), (b) a Motion to

---

[6] *See* Exhibit 73, Copy of Plaintiffs 1st False Police Filing / Middletown NJ Police Dept.; Also *See* Exhibit 74, Copy of Plaintiffs 2nd False Police Filing / Transcript of Memphis TN Shelby County Sheriff Dept. Incident Number 130111004606, & Exhibit 75, 1st Defendants Attorney Charlie Sciarra Letter to Plaintiffs' Counsel, Michael H. Ansell Requesting His Removal as Counsel due to knowledge of business relationship and filing of false police reports.

[7] Shelby County Case ID No. 1783209 appended hereto as Exhibit 71.

Quash was later filed on Feb. 17, 2016, by the Removing Plaintiffs' Attorneys in

Memphis, Tennessee (Copy of Motion appended hereto as Exhibit 78), (c)

Defendant Xaypanya elected not to file objections to the Motion to Quash, due to

Defendant's NJ legal counsel's recommendation to refocus legal efforts on the

newly filed case by Plaintiffs, the cited Removing Case ID No. MON–L–730–16[8].

9. Furthermore, by way of background, on or about January 29, 2016, Defendant

Xaypanya flew from Memphis, Tennessee into Newark Airport New Jersey to

meet with the New Jersey counsel, Charlie Sciarra[9].

10. In consequence, on or about January 30, 2016, going off the Plaintiffs' false police

reports and allegations (Exhibit 73) (Exhibit 79 P 2 ¶¶ 2 to 3)[10], with the

direction[11] of Plaintiffs' Counsel[12] the New Jersey Monmouth Police Department

(a) issued a "no knock search warrant," copy appended hereto as Exhibit 73, (b)

seized personal and business equipment, which Removing Plaintiffs claimed to

be their property, from Defendants' office locations in Red Bank, New Jersey[13].

11. Ultimately, leading up to the Removing Case main timeline, the Removing

Plaintiffs (a) correlated numerous False Police filings with scheduled legal actions

by way of using the Courts to collect and/or seize by intimidation, (b) deployed

---

[8] Complaint Exhibit 1, filed by Removing Plaintiffs on Feb 19, 2016.

[9] First Counsel on filed for the Removing Defendant in Case ID No. MON–L–730–16 and for Criminal Case in Middletown NJ per False Police Filings, *See* Copy of Middletown Search Warrant, Exhibit 73.

[10] Criminal Case PTI Fax Rejection Memorandum with Removing Plaintiffs contradicting statements on record, appended hereto as Exhibit 79.

[11] First Defendants Attorney Charlie Sciarra Letter to Plaintiffs' Counsel in reference to filing of false police reports, Exhibit 75.

[12] Michael H. Ansell, counsel on record for the Removing Plaintiffs in Case ID No. MON–L–730–16, *See* Complaint, Exhibit 1.

[13] To date, Removing Defendant Xaypanya has not been able to get the property seized and taken by way of the Police, despite having transaction receipts and their personal banking statements to support ownership.

- 8 -

civil legal filings in bad faith as key tactics and gamesmanship in order to prevent
Defendants from legal recourse or due process; furthermore, (c) eliminated
Removing Defendants' ability to timely removal of state civil proceedings in New
Jersey. In fact, out of 14 named Defendants (Case ID No. MON-L-730-16),
Plaintiffs only named 3 Diverse Defendants[14]. The rest being nondiverse or
insignificant to the case allegations by Plaintiffs, and/or ignored in majority of
legal proceedings or dismissed after the timeframe for removal had passed. These
Defendants were added to simply prevent removal.

12. Base on the cited actions above, coupled with the events of the Removing Case
listed below, Defendant Xaypanya of the Removing Case had to not only file
bankruptcy due to loss of livelihood, but seek this Court's exception under rules
of removal. Defendant prays the Court will allow the opportunity for justice and
transparent judicial review of same actions within the District Court's jurisdiction.

## **BACKGROUND ON REMOVING CASE NO. MON–L–730–1**

13. On or about February 19, 2016, the Plaintiffs' REM Technology Consulting
Services, Inc. ("REMTCS") and Richard E. Malinowski ("Malinowski"),
(collectively, the "Plaintiffs"), initiated Case ID No. MON-L-730-16 captioned *REM
Technology Consulting Services, Inc., and Malinowski, et al. v. Xaypanya, et al.,* by
filing a Verified Complaint against Removing Defendant and Third Party Plaintiff
(the "Complaint"), in which Malinowski claimed Xaypanya and other Defendants

---

[14] Removing Defendants Phamy Xaypanya, Gregory Nail, and Joshua Summit—All Tennessee Residents, *See*
Complaint ¶¶ 9, 12, 15. Xaypanya's diversity and residence was incorrectly cited.

- 9 -

started an alleged competitive company without his knowledge, which Plaintiff
stated as "HackProof Laboratories, Incorporated," (see Complaint ¶¶ 9, 46, 61 and
"Malinowski's Verification P43"), copy of appended hereto as Exhibit 1.

14. Continuing, on or about February 19, 2016, the Plaintiffs' alleged the following
within the Verified Complaint as (1) Breach of Contract (Complaint ¶¶ 68-73),
(2) Fraud (Complaint ¶¶ 74-80), (3) Negligent Misrepresentation (Complaint
¶¶ 81-84), (4) Misappropriation (Complaint ¶¶ 85-87), (5) Conversion
(Complaint ¶¶ 88-91), among others.[15]

15. On or about February 25, 2016, Plaintiffs filed an Order to Show Cause, copy of
appended hereto as Exhibit 3.

16. On or about March 10, 2016, Defendants filed a letter Brief in Opposition to the
Order to Show Cause, along with the Certification of Defendant Phamy Xaypanya,
copy of appended hereto as Exhibit 5 & 6.

17. On or about March 10, 2016, Defendants first Attorney on file, Charlie Sciarra
filed a supplement letter to the Opposition to the Order to Show Cause, along
with the Certification of Defendant Phamy Xaypanya, copy of appended hereto
as Exhibit 8.

18. On or about March 14, 2016, Plaintiffs filed a Reply Brief in further Support of
the OTSC and the Certification of Richard Malinowski, dated March 14, 2016,
(the "Malinowski Certification") appended hereto as Exhibit 61.

---

[15] Plaintiffs' Count 1 to 14, Complaint ¶¶ 68-136

- 10 -

19. On or about March 16, 2016, Defendants first Attorney on file, Charlie Sciarra filed a letter brief addressing the multiple false police reports filed by Plaintiff Richard Malinowski, copy of appended hereto as Exhibit 9.

20. On or about March 22, 2016, the Court (Quinn, J.) granted preliminary and temporary restraints and entered a Statement of Reasons under *R.* 1:6-2(f) ("Statement of Reasons"), copy of appended hereto as Exhibit 76.

21. On or about May 11, 2016, Xaypanya and other defendants filed a Notice of Substitute of Counsel, with Attorney Rich Gora filing Notice of Appearance as Counsel for Defendant Xaypanya, HackProof Labs, Inc., and Defendant Gregory Nail.

22. On or about May 28, 2016, Xaypanya and other defendants filed a Brief in Support of Defendants' Motion to Dismiss the Plaintiffs' Complaint, copy of appended hereto as Exhibit 60.

23. On or about June 1, 2016, Defendant's Phamy Xaypanya and Gregory Nail with their second on file Attorney, Rich Gora, filed a Motion for Summary Judgment against Plaintiffs ProActive Security Corporation and SDSA, Inc., copy of appended hereto as Exhibit 10.

24. On or about June 1, 2016, Defendant's Phamy Xaypanya and Gregory Nail with their second on file Attorney, Rich Gora, filed a Notice of Motion to Dissolve Preliminary and Temporary Restraints, copy of appended hereto as Exhibit 11. Rich Gora's Certification to same, copy of appended hereto as Exhibit 12.

- 11 -

*IN Notice of Removal*
*July 23, 2018*

25. On or about June 15, 2016, Plaintiffs filed a Brief in Opposition to Defendants' Motion to Dismiss and the Certification of Michael Ansell, dated June 15, 2016.

26. On or about June 20, 2016, Defendant Xaypanya filed a Reply Brief in Further Support of the Motion to Dismiss Plaintiffs' Complaint.

27. On or about August 8, 2016, Plaintiffs filed a Proposed Order Dismissing Plaintiffs ProActive Security Corporation and SDSA, Inc., copy of appended hereto as Exhibit 13. Plaintiffs' Stipulated Order Withdrawing Certain Plaintiffs ProActive Security Corporation and SDSA, Inc., copy of appended hereto as Exhibit 14.

28. On or about August 8, 2016, the New Jersey Monmouth County Court filed an Opinion denying the Defendants' Motion to Dismiss Complaint, copy of appended hereto as Exhibit 16.

29. On or about January 30, 2017, Defendant's Phamy Xaypanya and Gregory Nail's second Attorney on file, Rich Gora, filed a Motion to Extend Time to Answer Plaintiffs' Complaint appended hereto as Exhibit 17.

30. On or about January 30, 2017, Defendant's Phamy Xaypanya and Gregory Nail's second Attorney on file, Rich Gora, filed a Motion for Stay awhile Defendant Xaypanya clears up the various False Police reports and allegations within the criminal courts, copy of appended hereto as Exhibit 18.

31. On or about March 15, 2017, Plaintiffs filed a Motion for entry of Default Judgment, copy of appended hereto as Exhibit 19. Michael H. Ansell Certification in Support of same, copy of appended hereto as Exhibit 20. Memorandum of Law

- 12 -

in Support of same, copy of appended hereto as Exhibit 21. Proposed Order to same, copy of appended hereto as Exhibit 22.

32. On or about March 17, 2017, due to financial difficulties caused by the Plaintiffs' multiple litigations within civil and criminal courts, Defendant's Phamy Xaypanya and Gregory Nail could not afford to keep counsel. Defendants second Attorney on file on file, Rich Gora, filed a Motion to Withdraw as Counsel, copy of appended hereto as Exhibit 23.

33. On or about March 28, 2017, Plaintiffs filed a letter of Judge McCarthy confirming adjournment of Motion for Entry of Default Judgment, copy of appended hereto as Exhibit 24.

34. On or about April 4, 2017, Plaintiffs' Attorney Michael H. Ansell filed an Opposition to Defendants' Motion for Stay and Motion to Extend Time to Answer Complaint, copy of appended hereto as Exhibit 25.

35. On or about April 11, 2017, Plaintiffs' Attorney Michael H. Ansell filed letter to New Jersey Monmouth County Court rescheduling Case Management Conference Call, copy of appended hereto as Exhibit 26.

36. On or about April 13, 2017, Defendant Xaypanya submit a Certification in Support of Notice of Appearance as Defendant in Pro Se, copy of appended hereto as Exhibit 62.

37. On or about April 15, 2017, Defendant Xaypanya as Pro Se submitted a letter to Plaintiffs' Counsel Michael H. Ansell, regarding Scope of Work agreement for Jan.

- 13 -

20, 2011, HGSI project, copy of appended hereto as Exhibit 63, which the Plaintiffs used as the alleged employment agreement. Letter to Plaintiffs appended hereto as Exhibit 28.

38. On or about April 15, 2017, Defendant Xaypanya as Pro Se submitted a letter to Plaintiffs' Counsel Michael H. Ansell, regarding bad faith dealings and actions seen throughout the New Jersey Monmouth County Action and false police reports, copy of appended hereto as Exhibit 29.

39. On or about May 2, 2017, Defendant and Third-Party Plaintiff, Xaypanya filed as Pro Se, an Answer denying all allegations of creating of a competitive company, or having an independent corporation without the Plaintiffs' knowledge, being an employee of the Plaintiffs, and theft of property and information of Plaintiff, copy of appended hereto as Exhibit 30.

40. On or about May 3, 2017, Plaintiffs' Attorney Michael H. Ansell filed letter to New Jersey Monmouth County Court confirming Case Management Conference Call, copy of appended hereto as Exhibit 26.

41. On or about May 9, 2017, Defendant Xaypanya as Pro Se requested first Request for Production, Interrogatories, and second Request for Admissions to Plaintiffs, copy of appended hereto as Exhibit 32.

42. On or about May 10, 2017, Plaintiffs' Attorney Michael H. Ansell filed letter to New Jersey Monmouth County Court rescheduling Case Management Conference Call to May 11, 2017, copy of appended hereto as Exhibit 33.

- 14 -

43. On or about May 9, 2017, Defendant Xaypanya as Pro Se filed letter brief to Judge McCarthy regarding Plaintiff's Motion for Third Party Dismissal of Michael H. Ansell in the New Jersey Monmouth County Action, copy of appended hereto as Exhibit 34.

44. On or about May 10, 2017, Plaintiffs' filed a Motion for Third Party Dismissal of Michael H. Ansell and Memorandum of Law in Support of same, copy of appended hereto as Exhibit 35. Certification of Michael H. Ansell to same, copy of appended hereto as Exhibit 36.

45. On or about May 11, 2017, Plaintiffs' Attorney Michael H. Ansell filed letter to New Jersey Monmouth County Court rescheduling Case Management Conference Call to May 16, 2017, copy of appended hereto as Exhibit 37.

46. On or about May 11, 2017, Plaintiffs' sent a notice to Defendant Xaypanya in Pro Se about the Dismissal of Third-Party Defendant Michael H. Ansell, copy of appended hereto as Exhibit 38.

47. On or about May 12, 2017, Defendant Xaypanya submit a Certification in Support of Opposition to Plaintiffs and Third-Party Defendants' Motion to Dismiss Third Party Defendant, Michael H. Ansell.

48. On or about May 22, 2017, Plaintiffs' filed a Reply Memorandum of Law in Support of Plaintiffs' Motion for Third Party Dismissal of Michael H. Ansell, copy of appended hereto as Exhibit 39.

- 15 -

49. On or about May 26, 2017, Defendant Xaypanya submit a Surely in reference of Opposition to Plaintiffs and Third-Party Defendants' Motion to Dismiss Third Party Defendant, Michael H. Ansell, copy of appended hereto as Exhibit 40.

50. On or about June 07, 2017, Plaintiffs' filed a letter to the New Jersey Monmouth County Court waiving Oral Argument to Plaintiffs' Motion for Third Party Dismissal of Michael H. Ansell, copy of appended hereto as Exhibit 42.

51. On or about June 15, 2017, Plaintiffs' sent Defendant Xaypanya the First Request for Production and Interrogatories, copy of appended hereto as Exhibit 43.

52. On or about June 18, 2017, Defendant Xaypanya in Pro Se filed a Certification in Support of Opposition to Plaintiffs and Third-Party Defendants' for Protective and Confidentiality Order, copy of appended hereto as Exhibit 64.

53. On or about June 27, 2017, Plaintiffs issued Stipulation of Dismissal with Prejudice to all non-diverse Defendants, leaving Defendant Gregory J. Nail and Defendant Xaypanya as the reminding diverse Defendants in Case ID No. MON-L-730-16 captioned *REM Technology Consulting Services, Inc., and Malinowski, et al. v. Xaypanya, et al.*

54. On or about June 27, 2017, Plaintiffs Filed copy of Stipulation of Dismissal with Prejudice for Mat Radon and Luke Gremza received from Court as filed on or about July 10, 2017. The last two reminding non-diverse Defendants in Case ID No. MON-L-730-16 captioned REM Technology Consulting Services, Inc., and Malinowski, et al. v. Xaypanya, et al, copy of appended hereto as Exhibit 51.

55. On or about July 13, 2017, Defendant Xaypanya filed a Response and Objections to Plaintiffs' First Request for Production and Interrogatories, copy of and tracking manifest appended hereto as Exhibit 44.

56. On or about July 18, 2017, Defendant Xaypanya in Pro Se filed a Certification in Support of Opposition to Plaintiffs and Third-Party Defendants' Motion to Dismiss Counterclaim and Complaint, copy of appended hereto as Exhibit 65.

57. On or about July 20, 2017, Defendant Xaypanya sent Plaintiffs Second Amended First Request for Admissions, copy of appended hereto as Exhibit 45.

58. On or about July 20, 2017, Defendant Xaypanya sent Plaintiff Malinowski an Amended First Request for Admissions, copy of appended hereto as Exhibit 46.

59. On or about July 24, 2017, Plaintiffs' filed a Motion for Third Party Dismissal of Third-Party Defendants Tom Kelly and John Mulhall, copy of and Certification of Michael H. Ansell with Exhibits, appended hereto as Exhibit 47.

60. On or about July 25, 2017, Defendant Xaypanya sent First Request for Admissions to Co-Defendant Mateusz Radon, copy of appended hereto as Exhibit 48.

61. On or about July 25, 2017, Defendant Xaypanya sent First Request for Admissions to Co-Defendant Mohammed Salim, copy of appended hereto as Exhibit 49.

62. On or about July 31, 2017, the New Jersey State Civil Court filed an Order Restoring Case and Extending Discovery to Sept. 29, 2017, copy of appended hereto as Exhibit 50.

63. On or about September 14, 2017, Defendant Xaypanya filed a Substitution of Attorney Notice as John Hopkins appearing on file as Counsel, copy of appended hereto as Exhibit 52.

64. On or about September 14, 2017, Defendant Xaypanya filed a Motion to produce financial documents and request for financial discovery from Plaintiffs, due to the continuous failed discovery request to the Plaintiffs for the amount in question (within litigation allegations). In addition, Xaypanya filed and requested relief from the prior orders of the New Jersey Monmouth County Action, to maintain the status quo and preserve his intellectual property patents which Xaypanya's name and Plaintiffs share in ownership percentage, copy of appended hereto as Exhibit 66.

65. Continuing, On or about September 14, 2017, Defendant Xaypanya filed a Certification and requested the New Jersey Monmouth County Court to appoint a conservator, which could maintain the patents and preserve them from waste during the pendency of the New Jersey Monmouth County Action. It was clear from the abandonment of several patents that Plaintiff Malinowski was unable to maintain the awarded patents, copy of appended hereto as Exhibit 66.

66. On or about September 29, 2017, the New Jersey Monmouth County Court (a) denied Removing Defendant Xaypanya's request for financial proof of Plaintiffs claims to damages in controversy and the verification to the actual amount of same. Consequently, after the timeframe had passed for Removal, Plaintiffs started to cite outrageous amounts to same damages, in one document

- 18 -

stating amount of damages to being over $39,000,000.00 or more. *See* Exhibit
14.

67. On or about September 29, 2017, the New Jersey Monmouth County Court filed
an Order Denying Defendant Xaypanya's Motion to Deny Plaintiffs Request to
Limit Discovery and Gag Order, appended hereto as Exhibit 53.

68. On or about September 29, 2017, the New Jersey Monmouth County Court filed
an Order Denying Defendant Xaypanya's Motion to Deny Plaintiff's Request for
Confidentially Protection, appended hereto as Exhibit 54.

69. On or about January 5, 2017, Defendant Xaypanya sent a Trial Subpoena to
William Yapp, the Joint Venture Attorney who authored the partnership between
Xaypanya and Malinowski in 2011, copy of trial subpoena appended hereto as
Exhibit 55.

70. On or about January 8, 2018, the New Jersey Monmouth County Court scheduled
the Case ID No. MON-L-730-16 captioned *REM Technology Consulting Services,
Inc., and Malinowski, et al. v. Xaypanya, et al.*, for trial but Plaintiff Malinowski
did not show for trial.

71. On or about January 8, 2018, the New Jersey Monmouth County Court Judge
dismissed the Case ID No. MON-L-730-16 captioned *REM Technology Consulting
Services, Inc., and Malinowski, et al. v. Xaypanya, et al.*, without prejudice for
Malinowski failure to appear for trial. Copy of Court Dismissal, appended hereto
as Exhibit 56.

- 19 -

72. On or about January 30, 2018, the New Jersey Monmouth County Court Judge reinstated the Case ID No. MON-L-730-16 captioned *REM Technology Consulting Services, Inc., and Malinowski, et al. v. Xaypanya, et al.*

73. Pursuant to Fed. R. Bankr. P. 9027 (a)(1), proceedings and documents from the New Jersey Monmouth County Action have been attached hereto as Exhibits 1 to 79, details of each Exhibit and the Proceedings has been cited in Exhibit Appendix Index pg. 34 of this document. These documents constitute all process, pleadings and orders received by defendants within the New Jersey Monmouth County Action. In addition, a screen prints out of the New Jersey Monmouth County Court's digital database of civil filings have been attached hereto as Exhibit 41 and Disposition records attached hereto as Exhibit 72.

## **BACKGROUND ON BANKRUPTCY CASE**

74. On March 28, 2018, (the "Filing Petition Date"), the Debtor Xaypanya in Pro Se filed a voluntary petition for relief under Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee for relief, under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Petition"), which Bankruptcy Case has been assigned as Case No. 18–22662-dsk, copy of appended hereto as Exhibit 58.

75. As background, Debtor Xaypanya filed his voluntary petition for relief, under Chapter 7 Bankruptcy file bankruptcy, specifically, due to the loss of financial livelihood and professional damages due to the Plaintiffs' malicious prosecution

- 20 -

and litigation efforts, as the cited Case ID No. MON–L–730–16 captioned *REM Technology Consulting Services, Inc., and Malinowski, et al. v. Xaypanya, et al.*

76. On March 28, 2018, Lynda F. Teems was appointed the Chapter 7 Trustee (the "Trustee") for the Debtor.

77. On March 29, 2018, the Debtor filed a notice of Bankruptcy with the New Jersey Monmouth County Court that the Debtor had filed for bankruptcy and that the provisions of § 362 of the Bankruptcy Code stayed any further action in the New Jersey Monmouth County Action. Copy of appended hereto as Exhibit 59.

78. On April 5, 2018, the Debtor received a notice from the U.S. Bankruptcy Court for the Western District of Tennessee with Deficiencies Regarding his voluntary petition for Bankruptcy. Pursuant to 11 U.S.C. § 521(a)(1) and local order of the Court, debtors must file a creditor matrix with their petition or within seven (7) business days thereafter. In addition, pursuant to § 521(a) in a voluntary case the debtor must also file a schedule of assets and liabilities, a schedule of current income and current expenditures, and pro se debtors must file the certificate that the debtor has received and read the § 342(b) Notice. The Debtor submitted the missing documents, Form 122A Chapter 7 Statement of Current Monthly Income, on April 9, 2018.

79. On July 3, 2018 at 9:30 AM Central Time, the Debtor had his preliminary Discharge Hearing with the U.S. Bankruptcy Court for the Western District of Tennessee.

- 21 -

80. On July 9, 2018, the Debtor received a notice from the U.S. Bankruptcy Court for the Western District of Tennessee with Deficiencies Regarding his voluntary petition for Bankruptcy. Pursuant to § 727(a) (11) of the Bankruptcy Code requires an individual debtor to file "Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management" combined with related notices and information. The U.S. Bankruptcy Court for the Western District of Tennessee notice stated the required statement be filed on or before July 16, 2018. The Debtor filled the missing requirements with the clerk of the U.S. Bankruptcy Court for the Western District of Tennessee on July 13, 2018.

81. As a reference, Debtor, Phamy Xaypanya has moved to file a preemptive Notice of Motion for Entry of an Order, pursuant to Bankruptcy Rules 9006 and 9027, to extend the period within which Debtor, Phamy Xaypanya and Removing Defendant of the Case ID No. MON–L–730–16, may remove the Actions pursuant to 28 U.S.C. § 1452 through and including July 19, 2018.

82. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

*Id.* at 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988 (Bankr. E.D. Pa. 1986) (stating that period in which to file a motion to remove may be expanded pursuant to

- 22 -

Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York* (*In re Jandous Elec. Constr. Corp.*), 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *see also, Doan v. Loomis* (*In re Fort Dodge Creamery Co.*), 117 B.R. 438 (Bankr. N.D. Iowa 1990) (implying that time period in which removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer,* 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same).

83. The Debtor, Phamy Xaypanya has been partied to a number of actions currently pending in the courts of certain states and federal districts. Most noteworthy, as Pro Se in the pending Bankruptcy case in Western Tennessee District Bankruptcy Court, the legal representation by Public Defender in the NJ State Criminal allegation by Removing Plaintiffs, and having to file this Removal Notice without counsel in Pro Se, as well having new counsel for the NJ State Civil Case, Removing Case ID No. MON–L–730–16. Accordingly, out of an abundance of caution, Debtor Xaypanya seek an extension of the time established by Bankruptcy Rule 9027 to protect the right of Xaypanya to remove the cited Actions listed in removal notice.

## REMOVAL UNDER 28 U.S.C. § 1452

84. Removal under 28 U.S.C. § 1452(a) is governed by the procedure set forth in Federal Bankruptcy Rule 9027.

85. The New Jersey Monmouth County Court Action (proceeding) may be removed to this Court pursuant to 28 U.S.C. § 1452, which provides in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a
> proceeding before the United States Tax Court or a civil action by a
> governmental unit to enforce such governmental unit's police or regulatory
> power, to the district court for the district where such civil action is pending,
> if such district court has jurisdiction of such claim or cause of action under
> section 1334 of this title. 28 U.S.C.A. § 1452(a).

Based on the language of § 1452, the right to removal requires the district court

to have jurisdiction of over the claim under 28 U.S.C.A. § 1452. Continuing, a

party may have the right to remove any civil action over which a bankruptcy court

has jurisdiction under 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 1334, this Court

has original jurisdiction over all civil proceedings "arising under title 11, or arising

in or related to cases under Title 11." 28 U.S.C. § 1334(b).

86. The New Jersey Monmouth County Action is related to the Debtor's Tennessee

Bankruptcy Case within the meaning of 28 U.S.C. § 1334 because the claims for

relief asserted and purposely withheld by the Plaintiff thereof seeks to determine

amounts the Debtor allegedly owes the Plaintiffs and, more importantly,

challenges the Debtor's right to manage and operate his financially livelihood as

a technology consultant and artificial intelligence developer, not to mention

being a full-time student; including as a debtor-in-possession under the

Bankruptcy Code. Continuing, these claims raise federal questions and are related

to the Debtor's bankruptcy case. *See Calumet National Bank v. Levine*, 179 B.R.

117, 120 (N.D. Ind. 1995) (stating that "related to" jurisdiction includes tort

claims that "might result in a substantial judgment against [the debtor] and, in

turn, a claim against the bankruptcy estate").

87. The New Jersey Monmouth County Action is a civil action within the meaning of 28 U.S.C. § 1452 because: (a) the New Jersey Monmouth County Action is a private party dispute between the Plaintiff and the Debtor in which the Plaintiff seeks monetary damages and injunctive relief; and (b) the New Jersey Monmouth County Action is not an action before the Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power. Instead, the New Jersey Monmouth County Action is functioning as a judicial tribunal over a private civil action between the Complainant and the Debtor.

88. Based on the foregoing, the New Jersey Monmouth County Action may be removed to this Court pursuant to 28 U.S.C. § 1452.

89. Upon removal, most claims in the New Jersey Monmouth County Action constitute core proceedings pursuant to 28 U.S.C. § 157(b) as they are claims against the Debtor or are entirely contingent or dependent upon claims against the Debtor. To the extent the claims are non-core, the Removing Defendants consent to the Bankruptcy Court's adjudication of the claims involved pursuant to a final order.

90. The Removal for these claims is made directly to this Court under 28 U.S.C. § 157(a).

91. Pursuant to 28 U.S.C. § 1334(b), this Court has original jurisdiction over the New Jersey Monmouth County Action as an action arising in or alternatively related

- 25 -

to the Debtor's pending case under the Code, and this action may be removed to

this Court by the Removing Defendants pursuant to 28 U.S.C. § 1452(a).

## REMOVAL UNDER 28 U.S.C. § 1446

92. In addition to Removal under 28 U.S.C. § 1452, the New Jersey Monmouth

County Court Action may be removed to the District Court pursuant to 28 U.S.C.

§ 1446(c)(1), in 2011, Congress enacted a bad faith exception to the one-year

bar on removal as part of the Federal Courts Jurisdiction and Venue Clarification

Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (codified in scattered sections of

28 U.S.C.). which provides in pertinent part:

> "A case may not be removed under subsection (b)(3) on the basis of
> jurisdiction conferred by section 1332 more than 1 year after commencement
> of the action, unless the district court finds that the plaintiff has acted in bad
> faith in order to prevent a defendant from removing the actions." The act,
> applicable to all cases filed after Jan. 6, 2012.

Based on the language of 28 U.S.C. § 1446(c)(1)(b)(3), the right to removal

grants a Federal District Court discretion to permit removal after the one-year

period if it finds a plaintiff has "acted in bad faith" to prevent removal.

93. Continuing, under 28 U.S.C. § 1446 (starting in 2011-2012) a party may have

the right to remove any civil action based on diversity jurisdiction, despite being

more than one year after the case has started, if the Federal District Court finds

the one-year limitation was used as gamesmanship by the plaintiffs seeking to

keep cases in what they perceived to be friendly state courts and juries. Based on

the language of 28 U.S.C. § 1446(c)(3)(B), the right to removal grants a Federal

- 26 -

District Court discretion to permit removal after the one-year period if it finds a plaintiff has "acted in bad faith" to prevent removal by "deliberately failing to disclose the actual amount in controversy to prevent removal" *See* 28 U.S.C. § 1446(c)(3)(B).

94. In the New Jersey Monmouth County Court Action, Plaintiffs have deliberately and failed to disclosed true amounts in controversy, rather to prevent removal or juggle the contradicting amounts of allegations stated in state civil courts and the state criminal courts. (a) Once the deadline for removal had passed, Plaintiffs alleged outrageous amounts of damages in controversy within proceedings and legal document exchanges. (b) Further, Plaintiffs filed for Protective Order and Confidential Protection (Plaintiffs' Motion for POC Exhibit 77) within the New Jersey Monmouth County Court Action to prevent the discovery requests of financial documents and proof to the amounts in controversy. *See* Exhibits 54, copy of Plaintiff's Request for Confidentially Protection Order Granted and copy of Plaintiffs' Motion for POC, appended hereto as Exhibit 77.

95. Further, the New Jersey Monmouth County Court Action may be removed to this Court pursuant to this equitable exception to the one-year limitation on removal. Most notably, in *Tedford v. Warner- Lambert Co.,* 327 F.3d 423, 428–29 (5th Cir. 2003), the Fifth Circuit held that an equitable exception to the one-year removal bar applied to cases in which the plaintiff manipulated the statutory rules to prevent removal. In *Tedford,* the plaintiff joined a nondiverse defendant after learning that the original defendant intended to remove the case to federal court. Then, the plaintiff signed and post-dated a notice of nonsuit as to the nondiverse

- 27 -

defendant before the one-year limitation on removal expired but did not file the document or notify the original defendant until after the one-year period passed. The court concluded that the plaintiff's conduct justified an equitable exception to the one-year rule, reasoning that strict application of the one-year limitation would incentivize plaintiffs to add nondiverse defendants for 366 days simply to avoid federal court.

96. Within the New Jersey Monmouth County Court Action, Plaintiffs added numerous nondiverse defendants then removed same (Disposition Records Exhibit 72[16]), once the timeline for removal had passed and/or after the Plaintiffs malicious prosecution tactics outweighed the diverse Defendants abilities to seek removal[17] on diversity versus amount in controversy.

97. Based on the foregoing, the New Jersey Monmouth County Action may be removed to District Court, pursuant to 28 U.S.C. § 1446(c)(1)(b)(3) due to the bad faith actions by the Removing Plaintiffs in (a) including nondiverse and diverse Defendants, then removing after the timeline of removal and/or (b) demonstrated the lack of legal proceeding against nondiverse Defendants within the case, before or after the removal timeframe allowed; (c) Removing Plaintiffs deliberately and failed on numerous requests by Defendants to disclosed true amounts in controversy, more importantly, after the removal deadline began to cite and alleged amounts in controversy being over $75,000.00 (alleging actual

---

[16] Copy of New Jersey Monmouth County Court Case Disposition Records, appended hereto as Exhibit 72.
[17] In example, the filing numerous false police reports within the Middletown New Jersey Police Department and Memphis Tennessee Shelby County Sheriff Department, fraudulently altering the Federal Patents of Removing Defendants, and contacting the employers and/or clients of Defendants to spread allegations in order to intimidate Removing Defendants from proceeding with legal actions.

- 28 -

damages to be over $39,000,000.00 within proceedings after the removal deadline, past the 1-year marker).

## ALL REQUIREMENTS FOR REMOVAL HAVE BEEN MET AND REMOVAL TO THIS COURT IS PROPER

98. Under Fed. R. Bankr. P. Rule 9027(a)(2), when the state court action is initiated before commencement of bankruptcy, the notice of removal must be filed within the longest of: (1) 90 days after the order for relief in the bankruptcy; (2) 30 days after entry of an order terminating a stay under § 362; or (3) 30 days after a trustee qualifies in a chapter 11 reorganization but less than 180 days after the order for relief. Or pursuant to Bankruptcy Rules 9006 and 9027, filed motions for entry of orders in extending the period for which a debtor may remove actions pursuant to 28 U.S.C. § 1452.

99. Continuing, the Fed. R. Bankr. P. Advisory Committee notes to Rule 9027(a)(2) explains that parties are not required to immediately protect their right to removal because such a rule would have little utility, given that most pending litigation will be stayed under section 362(a) upon commencement of a bankruptcy action. Further, if the deadlines imposed by Rule 9027(a) are missed, an extension may be granted by a showing of excusable neglect.

100.    This Notice of Removal is filed in a timely manner pursuant to Fed. R. Bankr. P. 9027(a)(2) (2005) as the New Jersey Monmouth County Action was filed prior to the filing of the Bankruptcy Petition, and this Notice of Removal is being

- 29 -

filed within timely matter from the order for relief in the Debtor's bankruptcy case, as the rules and code allows removal.

101. Upon removal, the New Jersey Monmouth County Action is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Moreover, because the New Jersey Monmouth County Action asserts a claim against the Debtor, it necessarily implicates the bankruptcy claims allowance process and is therefore constitutionally as well as statutorily "core" within the Supreme Court's recent ruling in *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

102. The Removed case is a case related to the Bankruptcy Case. As such, the United States District Court for the District of New Jersey (the "District Court") has jurisdiction of the Removed Case pursuant to 28 U.S.C. § 334(b). Therefore, pursuant to 28 U.S.C. § 1452(a), the Removed Case may be removed to the District Court.

103. Pursuant to 28 U.S.C. § 157, the District Court may refer the Removed Case to the bankruptcy judges for the district. By its General Order 128, the District Court has referred to the bankruptcy judges for this district all cases under Title 11 and all proceedings under Title 11 or arising in or related to a case under Title 11. That includes the Removed Case.

104. The United States Bankruptcy Court Western District of Tennessee is the proper court in which to remove this action pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 because the New Jersey Monmouth County Action is pending in this district and division. As noted herein, Removing Defendants will

move to transfer venue pursuant to Bankruptcy Rule 7087 to the United States Bankruptcy Court for the Western District of Tennessee, where Debtor Xaypanya's bankruptcy proceeding is pending.

105. Written notice of the filing of this Second Amended Notice of Removal and a copy of this Second Amended Notice of Removal are being served upon the Plaintiff through its counsel of record and will be filed with the Clerk of the New Jersey Monmouth County Court.

106. Pursuant to rules of removal, true and correct copies of the pleadings and other documents on file in the New Jersey Monmouth County Action are attached hereto in separate covers as Exhibits 1 to 79, details of each Proceeding and Exhibit can be found within the Index of Exhibits attached with this filing attached hereto as INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL.

107. Continuing, these documents constitute all process, pleadings and orders received by defendants within the New Jersey Monmouth County Action. In addition, a "screen print out" of the New Jersey Monmouth County Court's digital database of civil filings have been attached hereto as Exhibit 41 and the case Disposition records attached hereto as Exhibit 72.

108. The Debtor has not heretofore sought similar relief regarding the removal of the New Jersey Monmouth County Action.

109. Pursuant to 28 U.S.C.A. § 1452, removal under Section 1452 need not be joined by all defendants. *See In re Plowman*, 218 B.R. 607 (N.D. la. 1998). Continuing, Consent of co-defendants, if any, is not necessary for removal under

- 31 -

28 U.S.C. § 1452. *See Cal. Pub. Empl. Ret. Sys. v. Worldcom*, Inc., 368 F.3d 86 (2d

Cir. 2004).

## ADOPTION AND RESERVATION OF DEFENSES

110.   Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of the Debtor's rights to maintain and/or assert any affirmative

defenses in this matter, including, but not limited to, the defenses of: (1) lack of

jurisdiction over the person or subject matter; (2) arguments that venue is

improper in the New Jersey Monmouth County Court; (3) insufficiency of

process; (4) failure to state a claim; (5) and any other pertinent defense available

under applicable state or federal law, or otherwise, which rights are expressly

reserved.

111.   No admission of fact, law or liability is intended by this Notice of Removal,

and all defenses, affirmative defenses, and motions are hereby reserved.

112.   Further, nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of the Debtor's rights and protections under the automatic stay

provided pursuant to § 362 of the Bankruptcy Code and any other provision of

the Bankruptcy Code, which rights and protections are expressly reserved.

113.   Removing Defendants reserve the right to submit at an appropriate time

factual support, evidence, and affidavits to support the bases for federal

jurisdiction should that become necessary.

District of Tennessee . Debtor hereby removes the New Jersey Monmouth County

Action to the United States Bankruptcy Court Western District of Tennessee

pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027. In addition, Removing

Defendants will file entry for inter-district transfer of the Removed New Jersey

Monmouth County Court Action, pursuant to pursuant to 28 U.S.C. 1412, 1404(a),

and Bankruptcy Rule 7087 to the United States Bankruptcy Court for the Western

District of Tennessee. Where Debtor Xaypanya's bankruptcy proceeding is pending.

Dated: July 24, 2018

Phamy Xaypanya
7141 Chena Bay LN
Cordova, TN 38018
Phone: 901-651-0413
Email: TTracx@icloud.com
*Removing Defendant, Third-Party Plaintiff, and*
*Debtor in Pro Se and filing on behalf as Pro Se for*
*Lynda F. Teems, Chapter 7 Trustee for Debtor*

- 33 -

*TN Notice of Removal*
*July 23, 2018*

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISON

| | |
|---|---|
| In Re:<br><br>PHAMY XAYPANYA<br><br>Debtor. | Case No. 18–22662-dsk<br><br>Chapter 7<br><br>Judge: Hon. David S. Kennedy |
| REM TECHNOLOGY CONSULTING SERVICES, INC., PROACTIVE SECURITY CORPORATION, REM CAPITAL, LLC, ANNI DRIVE, INC., SDSA, INC., ANNI ENDPOINT, INC., and RICHARD MALINOWSKI<br><br>Plaintiffs,<br><br>v.<br><br>PHAMY TRACX XAYPANYA, RUNE FEHU, INC., GREGORY NAIL, ANNABEL WEYAND, ELIZABETH WEYAND, JOSH SUMMIT, MOHAMMED SALIM, LUKASZ GREMZA, MATEUSZ RADON, ABE CHOI, BRIAN MOSS, COLTON CHAMBERS, RICHARD MAUNEY, HACKPROOF LABS, INC., PAT POSTS 1-10 and XYS CORPORATION 1-10, names being fictitious or unknown,<br><br>Defendants, | (REMOVING ACTION)<br>SUPERIOR COURT OF NEW JERSEY,<br>MONMOUTH COUNTY LAW DIVISION<br>CASE ID No. MON-L-730-16<br><br>ADV. PRO. NO. _____<br><br>JURY DEMAND |
| PHAMY XAYPANYA<br><br>Third Party Plaintiff,<br><br>v.<br><br>THOMAS M. KELLY III, JOHN MUHALL, MICHEAL H. ANSELL, ESQ.<br>Third Party Defendants. | |

## INDEX OF EXHIBITS IN SUPPORT OF NOTICE OF REMOVAL

| EXHIBIT NUMBER | APPENDIX PAGE # | FILING DATE | DETAILS OR PROCEEDING FILING TYPE |
|---|---|---|---|
| 1. | Page 6 to 93 | 2/19/16 | Plaintiffs' Filed Verified Complaint with Exhibits A-I |
| 2. | Page 94 to 104 | 2/19/16 | Plaintiffs' Filed Brief in Support of OTSC |
| 3. | Page 105 to 112 | 2/25/16 | Plaintiffs' Filed Order to Show Cause |
| 4. | Page 113 to 115 | 3/1/16 | Email from Plaintiffs' Counsel, Michael Ansell, trying to Serve Complaint |
| 5. | Page 116 to 128 | 3/10/16 | Defendants' Brief in Support of Opposition to OTSC filed by First Attorney, Charlie Sciarra. |
| 6. | Page 129 to 143 | 3/10/16 | Defendant Xaypanya Certification in Support of Opposition to OTSC filed by First Attorney, Charlie Sciarra |
| 7. | Page 144 to 145 | 2/19/16 | Defendants first Attorney, Charlie Sciarra, Letter to Middletown Civil Clerk |
| 8. | Page 146 to 154 | 3/15/16 | Charlie Sciarra Letter to Judge Quinn with attachments |
| 9. | Page 155 to 156 | 3/16/16 | Defendant Xaypanya First Attorney, Charlie Sciarra Letter addressing False Police Reports by Plaintiffs |
| 10. | | 5/11/16 | Defendant Xaypanya Second Attorney, Rich Gora files Notice of Appearance as Counsel for Defendant's Phamy Xaypanya and Gregory Nail |
| 11. | Page 157 to 183 | 6/1/16 | Defendant's Phamy Xaypanya and Gregory Nail Second Attorney, Rich Gora files Motion for Summary Judgment against Plaintiffs ProActive Security Corporation and SDSA, Inc. |
| 12. | Page 184 to 224 | 6/1/16 | Defendant's Phamy Xaypanya and Gregory Nail Second Attorney, Rich Gora files Notice of Motion to Dissolve Preliminary and Temporary Restraints |
| 13. | Page 225 to 228 | 6/1/16 | Defendant's Phamy Xaypanya and Gregory Nail Second Attorney, Rich Gora Certification of Service |
| 14. | Page 229 to 234 | 8/26/16 | Plaintiffs' Alleged List of Property Claims and Financial Losses sent to Rich Gora |
| 15. | Page 235 to 238 | 9/8/16 | Plaintiffs' Proposed Order Dismissing Plaintiffs ProActive Security Corporation and SDSA, Inc. |
| 16. | Page 239 to 241 | 9/8/16 | Plaintiffs' Stipulated Order Withdrawing Certain Plaintiffs ProActive Security Corporation and SDSA, Inc. |
| 17. | Page 242 to 257 | 12/21/16 | Opinion denying MTD by Defendants |
| 18. | Page 258 to 265 | 1/30/17 | Defendant's Phamy Xaypanya and Gregory Nail Second Attorney, Rich Gora files Notice of Motion to Extend Time to Answer Plaintiffs' Complaint |
| 19. | Page 266 to 273 | 1/30/17 | Defendant's Phamy Xaypanya and Gregory Nail Second Attorney, Rich Gora files Notice of Motion for Stay |
| 20. | Page 274 to 276 | 3/15/17 | Plaintiffs' file Notice of Motion for Entry of Default Judgment |
| 21. | Page 277 to 372 | 3/15/17 | Plaintiffs' Attorney Michael H. Ansell Certification in Support of Notice of Motion for Entry of Default Judgment |

| 22. | Page 373 to 377 | 3/15/17 | Plaintiffs' Attorney Michael H. Ansell Memorandum of Law in Support of Notice of Motion for Entry of Default Judgment |
|---|---|---|---|
| 23. | Page 378 to 382 | 3/15/17 | Plaintiffs' Attorney Michael H. Ansell Proposed Order for Entry of Default Judgment |
| 24. | Page 383 to 392 | 3/17/17 | Defendant's Phamy Xaypanya and Gregory Nail Second Attorney, Rich Gora Motion to Withdraw as Counsel |
| 25. | Page 393 to 394 | 3/28/17 | Plaintiffs' Attorney Michael H. Ansell Letter to Judge McCarthy confirming adjournment of Motion for Entry of Default Judgment |
| 26. | Page 395 to 411 | 4/5/17 | Plaintiffs' Attorney Michael H. Ansell Opposition to Motion for Stay and Motion to Extend Time to Answer Complaint |
| 27. | Page 412 to 413 | 4/11/17 | Letter to Court from Michael Ansell rescheduling Conference Call |
| 28. | Page 414 to 419 | 4/15/17 | Defendant Xaypanya, Pro Se Letter to Plaintiffs' Counsel Michael H. Ansell Regarding Scope of Work agreement for 1/20/11, HGSI project, used as the alleged employment agreement |
| 29. | Page 420 to 641 | 4/15/17 | Defendant Xaypanya, Pro Se Letter to Plaintiffs' Counsel Michael H. Ansell Regarding Bad Faith in Civil Case |
| 30. | Page 642 to 1044 | 5/2/17 | Defendant Xaypanya, Pro Se Answer to Verified Complaint, Separate Defenses, Counterclaim, and Jury Demand |
| 31. | Page 1045 to 1046 | 5/3/17 | Plaintiffs' Counsel Michael H. Ansell Letter to Judge McCarthy confirming Case Management Conference |
| 32. | Page 1047 to 1107 | 5/9/17 | Defendant Xaypanya, Pro Se first Request for Production, Interrogatories, and second Request for Admissions to Plaintiffs |
| 33. | Page 1108 to 1109 | 5/10/17 | Plaintiffs' Counsel Michael H. Ansell Letter to Judge McCarthy confirming Case Management Conference rescheduling to 5/11/17 |
| 34. | Page 1110 to 1162 | 5/10/17 | Defendant Xaypanya, Pro Se Letter to Judge McCarthy regarding Plaintiff's Motion for Third Party Dismissal of Michael H. Ansell |
| 35. | Page 1163 to 1196 | 5/10/17 | Plaintiff's Motion for Third Party Dismissal of Michael H. Ansell and Memorandum of Law in Support |
| 36. | Page 1197 to 1531 | 5/10/17 | Certification of Michael H. Ansell and Exhibits in support of Plaintiff's Motion for Third Party Dismissal of Michael H. Ansell |
| 37. | Page 1532 to 1533 | 5/11/17 | Plaintiffs' Counsel Michael H. Ansell Letter to Judge McCarthy confirming Case Management Conference rescheduling to 5/16/17 |
| 38. | Page 1534 to 1538 | 5/11/17 | Plaintiffs' Letter to Xaypanya in reference to Dismissal of Third-Party Defendant Michael H. Ansell |
| 39. | Page 1539 to 1631 | 5/22/17 | Plaintiff's Reply Memorandum in Support for Motion for Third Party Dismissal of Michael H. Ansell, Certification of Michael H. Ansell with Exhibits, and Certification of Richard E. Malinowski with Exhibits |
| 40. | Page 1632 to 1824 | 5/26/17 | Defendant Xaypanya, Pro Se Surreply to Court in Reference to Plaintiff's Motion for Third Party Dismissal of Michael H. Ansell, Supplemental Submission |
| 41. | Page 1825 to 1828 | | Screen print out of the New Jersey Monmouth County Court's digital record of civil filings. |
| 42. | Page 1829 to 1830 | 6/7/17 | Plaintiffs Letter to Court Waiving Oral Argument to 3rd Party Defendant Dismissal of Michael H. Ansell |
| 43. | Page 1831 to 1856 | 6/15/17 | Plaintiffs First Request for Production and Interrogatories to Defendant Xaypanya |

| 44. | Page 1857 to 1896 | 7/13/17 | Xaypanya's Response and Objections to Plaintiffs' First Request for Production and Interrogatories with tracking manifest |
| 45. | Page 1897 to 1998 | 7/20/17 | Xaypanya's 2nd Request to Plaintiffs for Production, Interrogatories, & Admissions to Plaintiffs |
| 46. | Page 1999 to 2079 | 7/20/17 | Xaypanya's Amended First Request for Admissions to Plaintiff Richard E. Malinowski |
| 47. | Page 2080 to 2427 | 7/24/17 | Plaintiff's Motion for Third Party Dismissal of Third-Party Defendants Tom Kelly and John Mulhall and Certification of Michael H. Ansell with Exhibits |
| 48. | Page 2428 to 2439 | 7/25/17 | Xaypanya's First Request for Admissions to Co-Defendant Mateusz Radon |
| 49. | Page 2440 to 2451 | 7/25/17 | Xaypanya's First Request for Admissions to Co-Defendant Mohammed Salim |
| 50. | Page 2452 to 2453 | 7/31/17 | Filed Copy of New Jersey State Civil Court Order Restoring Case and Discovery Extending to 9/29/17 |
| 51. | Page 2454 to 2458 | 8/11/17 | Copy of Filed Stipulation of Dismissal of Co-Defendants Mat Radon and Luke Gremza |
| 52. | Page 2459 to 2461 | 8/14/17 | Defendant Xaypanya's Substitution of Attorney Notice to John Hopkins Appearing as Counsel on file |
| 53. | Page 2462 to 2465 | 9/29/17 | Copy of Court Order Denying Plaintiffs Motion to Limit Discovery and Gag Order |
| 54. | Page 2466 to 2470 | 9/29/17 | Copy of Court Order Denying Xaypanya Pro Se Motion to Deny Plaintiff's Request for Confidentially Protection |
| 55. | Page 2471 to 2472 | 1/5/18 | Copy of Defendant Xaypanya Trial Subpoena to William Yapp |
| 56. | Page 2473 to 2474 | 1/8/18 | New Jersey State Civil Court Action was Dismissed due to Plaintiff Richard E. Malinowski Failure to Show for Trial |
| 57. | | 1/30/18 | New Jersey State Civil Court Reinstated Case MON-730-16 |
| 58. | Page 2476 to 2477 | 3/28/18 | Copy of Xaypanya's Notice of Bankruptcy Filling |
| 59. | Page 2478 to 2483 | 3/29/18 | Copy of Xaypanya's Notice of Bankruptcy Filling to New Jersey State Civil Court |
| 60. | Page 2484 to 2525 | 5/28/16 | Defendant's Phamy Xaypanya and Gregory Nail Second Attorney, Rich Gora Notice of Motion to Dismiss Plaintiffs' Complaint, dated May 28, 2016, Brief in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint, dated May 28, 2016, Proposed form of Order; and Certificate of Service. |
| 61. | Page 2526 to 2684 | 3/14/16 | The Certification of Richard Malinowski included with Plaintiffs Reply Brief in further Support of the OTSC in March 14, 2016 |
| 62. | Page 2685 to 2688 | 1/20/11 | Scope of Work agreement for Jan. 20, 2011, HGSI project |
| 63. | Page 2689 to 2690 | 4/13/17 | Defendant's Phamy Xaypanya Notice of Appearance as Pro Se Defendant |
| 64. | Page 2691 to 2716 | 6/18/17 | Defendant Xaypanya Certification in Support of Opposition to Plaintiffs and Third-Party Defendants' for Protective and Confidentiality Order |

| 65. | Page 2717 to 2735 | 7/18/17 | Defendant Xaypanya in Pro Se Certification in Support of Opposition to Plaintiffs and Third-Party Defendants' for Protective and Confidentiality Order |
|---|---|---|---|
| 66. | Page 2736 to 2748 | 9/14/17 | Defendant Xaypanya Certification and request for Court to appoint a conservator |
| 67. | Page 2749 to 2750 | 5/27/11 | Copy of Joint Venture Agreement Between Plaintiffs and Defendants |
| 68. | Page 2751 to 2754 | 12/20/11 | Email of Joint Venture founders Stock ProActive 83(b) Issued |
| 69. | Page 2755 to 2762 | 10/8/12 | JVA Stock Certificates Showing Joint Ownership |
| 70. | Page 2763 to 2766 | 1/20/11 | Jan. 20, 2011 Agreement |
| 71. | Page 2767 to 2770 | 1/19/16 | Shelby County Case 1783209 |
| 72. | Page 2771 to 2772 | | New Jersey Monmouth County Court Civil Court Case Disposition Detail |
| 73. | Page 2773 to 2776 | 1/30/16 | Copy of Plaintiffs 1st False Police Filing / Middletown NJ Police Dept. Arrest & Warrant |
| 74. | Page 2777 to 2783 | 3/19/16 | Copy of Plaintiffs 2nd False Police Filing / Transcript of Memphis TN Shelby County Sheriff Dept. Incident Number 130111004606 |
| 75. | Page 2784 to 2817 | 3/4/16 | 1st Defendants Attorney Charlie Sciarra Letter to Plaintiffs' Counsel, Michael H. Ansell on 3/4/16 Requesting His Removal as Counsel due to knowledge of business relationship and filing of false police reports. |
| 76. | Page 2818 to 2834 | 3/22/16 | Court Order for Preliminary and Temporary Restraints |
| 77. | Page 2835 to 3049 | 6/6/17 | Plaintiffs Motion for Protective Order and Confidential Protection, Proposed Order, Confidentiality Order, Cert. of Service, Cert. of Michael Ansell with Exhibits, and Cert. of Malinowski with Exhibits. |
| 78. | Page 3050 to 3054 | 2/17/16 | Motion to Quash Subpoena Shelby County Case |
| 79. | Page 3055 to 3091 | 5/3/17 | Criminal Case PTI Fax Rejection Memorandum with Removing Plaintiffs alleging contradicting statements on record |

## [EXHIBITS FOLLOWING UNDER SEPARATE COVERS]

**PLEASE TAKE NOTE:** Due to the significant volume of the balance of the pleadings and other documents on the record in the New Jersey Monmouth County Court Action, copies shall be provided under separate covers.

**PLEASE TAKE FURTHER NOTE:** Plaintiff Verified Complaint filed under separate covers as Exhibit 1, Removing Defendant and Third-Party Plaintiff's Answer, Separate Defenses, Counterclaim, and Jury Demand filed under separate covers as Exhibit 30, and other Removing Case process and proceedings filed as Exhibits 1 to 79, as applicable.

Dated: July 24, 2018

*by:*

Phamy Xaypanya
7141 Chena Bay LN
Cordova, TN 38018
Phone: 901-651-0413
Email: TTracx@icloud.com
*Removing Defendant, Third-Party Plaintiff, and Debtor in Pro Se, and filing on behalf as Pro Se for Lynda F. Teems, Chapter 7 Trustee for Debtor*

- 39 -